IN THE SUPREME COURT OF THE STATE OF DELAWARE

GERALD A. LANDRY, §
§   No. 80, 2015
Defendant Below, §
Appellant, §   Court Below—Superior Court
§   the State of Delaware in and for
v. §   New Castle County
§
STATE OF DELAWARE, §   Cr. ID No. 1208001982
§
Plaintiff Below, §
Appellee. §

Submitted:  May 6, 2015
Decided:    July 20, 2015

Before **HOLLAND**, **VALIHURA** and **SEITZ**, Justices.

## O R D E R

This 20th day of July 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)  The appellant, Gerald A. Landry, filed this appeal from a Superior Court order denying his "motion for judgment of relief" from a prior Superior Court order that denied his "motion for concurrent sentencing" (hereinafter "Motion"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)  The record reflects that Landry was among several individuals indicted in September 2012 for racketeering and related drug offenses committed

in May and June 2012. In September 2013, Landry pled guilty to four charges and was immediately sentenced to a total of sixty-seven years at Level V suspended after ten years, four years mandatory, followed by six months at Level IV and four years of Level III probation.

(3)    In his August 19, 2014 Motion, Landry asked the Superior Court to apply a recent amendment of 11 *Del. C.* § 3901(d) to his September 2013 sentence.[1] The State opposed the Motion on the basis that the 2014 amendment did not apply to Landry's 2013 case, and that Landry's sentence was imposed in the context of a negotiated plea agreement.

(4)    By order dated December 3, 2014, the Superior Court denied the Motion, using a form of order that the court often uses when ruling on motions for correction or reduction of sentence under Superior Court Criminal Rule 35 ("Rule 35"). The court ruled that "[t]he sentence in this case was imposed pursuant to a Plea Agreement between the State and the defendant and signed by the defendant" and "[t]he motion was filed more than 90 days after imposition of the sentence and is, therefore, time-barred."

(5)    Landry did not appeal the December 3, 2014 order. Instead, on January 15, 2015, he filed a motion to reopen under Superior Court Civil Rule

---

[1] The amendment, which became effective July 9, 2014, allows for concurrent terms of confinement. 79 Del. Laws, ch. 297, § 1 (2014) (codified at 11 *Del. C.* § 3901(d)).

60(b)(6) ("Rule 60(b) motion").[2]  By order dated January 22, 2015, the Superior Court denied the Rule 60(b) motion, again using the form of order that is often used when ruling on a Rule 35 motion.  The court ruled that "[t]he sentence is appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court which would warrant a reduction or modification of this sentence."  This appeal followed.

(6)    Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court's judgment of January 22, 2015 should be affirmed.  Superior Court Civil Rule 60(b) cannot be used to reopen judgments in criminal cases.[3]  To the extent the Superior Court treated Landry's Rule 60(b) motion as a motion under Rule 35(b), the court did not abuse its discretion.[4]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[2] *See* Del. Super. Ct. Civ. R. 60(b)(6) (providing that the court may relieve a party from a final judgment for any reason justifying relief).

[3] *See Jackson v. State*, 2007 WL 2231072 (Del. Aug. 2, 2007) (affirming the Superior Court's decision that Civil Rule 60(b) could not be used to collaterally attack a criminal conviction); *Allen v. State*, 2004 WL 120527 (Del. Jan. 20, 2004) (determining in a criminal appeal that the Superior Court's denial of a Civil Rule 60(b) motion was proper).

[4] *See Johnson v. State*, 2015 WL 1880412 (Del. April 21, 2015) (finding no abuse of discretion in the Superior Court's summary denial of Civil Rule 60(b) motions under Criminal Rule 35(b)).